IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00895-PAB-BNB

MARTHA ESCOBAR CARRILLO,

    Plaintiff,

v.

ERIC HOLDER, U.S. Attorney General,
THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review, and
JANET NAPOLITANO, Secretary, Department of Homeland Security,

    Defendants.

_____

**ORDER OF DISMISSAL**
_____

On April 17, 2009, Ms. Escobar Carillo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court [Docket No. 1]. The petition alleged that respondents took petitioner, "an immigrant," into federal custody on April 9, 2009, after petitioner applied for Permanent Resident status. On May 4, 2009, petitioner's attorney informed the Court that Ms. Escobar Carillo was removed from the United States on April 24, 2009. *See* Status Report and Withdrawal of Mot. for TRO [Docket No. 5] ("Status Report"). Petitioner conceded that her removal from the country and release from defendants' custody stripped this Court of jurisdiction over the case, but indicated that she would move to transfer the case to the United States Court of Appeals. *See* Status Report at 2.

Nearly six weeks later, with no such motion to transfer forthcoming, the Court issued an Order to Show Cause why this case should not be dismissed as moot. *See*

Order to Show Cause [Docket No. 7]. In the Order to Show Cause, the Court informed the Petitioner that "the Court will not entertain a motion to transfer this case until defendants have been served, return of service is filed with the Court, and either defendant has appeared or failed to appear in the time permitted."

Petitioner filed a response [Docket No. 8] to the Order to Show Cause on June 19, 2009. As part of her response, petitioner moved to transfer this case to the Court of Appeals. This attempted motion is defective for several reasons. First, it violates Local Rule 7.1C's requirement that "[a] motion shall be made in a separate paper." Second, because there is no evidence in the record that the defendants in this case have been served and no certificate of service has been filed, the motion is contrary to the Court's specific admonition in the Order to Show Cause.

Nonetheless, on October 21, 2009, the Court issued an Order to Show Cause requiring the respondents to "show cause on or before **Tuesday, November 24, 2009** why the petition for a writ of habeas corpus should not be transferred to the Tenth Circuit Court of Appeals." Order to Show Cause [Docket No. 9] (bold typeface in original). Because of the unusual course the case took early on – petitioner failed to give notice of its motion for a temporary restraining order to the respondents, then withdrew it prior to a hearing – any court-initiated service of process was disrupted. As a result, the October 21, 2009 Order to Show Cause also ordered "that on or before **Wednesday, November 4, 2009**, petitioner shall serve the petition for a writ of habeas corpus and this Order upon the respondents." Order to Show Cause [Docket No. 9] (bold typeface in original).

On November 25, 2009, with no response forthcoming from either side, the Court ordered plaintiff to "file a proof of service indicating compliance with the order to show cause entered October 21, 2009 [Docket No. 9]." Order to Produce Proof of Service or Otherwise Show Cause Why Case Should Not Be Dismissed [Docket No. 10]. In the alternative, the November 25, 2009 order required that "[i]f plaintiff has not complied with that order to show cause, . . . plaintiff shall show cause why this case should not be dismissed for her failure to comply with the Court's orders and for her failure to otherwise prosecute this case." The Court gave petitioner until December 4, 2009 to respond. Petitioner has not responded or otherwise complied with the November 25, 2009 order.

Although petitioner admitted that this Court lacks continuing jurisdiction over this case, she has not filed a proper motion to transfer. Furthermore, petitioner has not responded to or complied with the Court's orders. *Cf.* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."). Therefore, it is

**ORDERED** that this case is dismissed without prejudice as moot.

DATED December 21, 2009.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge